IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CAMERON REDMAN,<br><br>*Defendant*. | **FILED UNDER SEAL**<br><br>Criminal No. 1:24-MJ-155 |

## GOVERNMENT'S MOTION TO SEAL INDICTMENT PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the Criminal Complaint, Arrest Warrant, and accompanying affidavit (hereafter "the Charging Documents"), until Defendant, CAMERON REDMAN, makes an initial appearance in a U.S. District Court pursuant to Rule 5 of the Federal Rules of Criminal Procedure, as well as authorize the United States to provide copies of the Charging Documents to Interpol, and additional U.S. authorities and/or foreign government personnel in connection with efforts to locate, arrest, and extradite the defendant. The government also asks for authority to disclose the Charging Documents to U.S.-based defense counsel, should the defendant engage a U.S.-based attorney while awaiting extradition.

**I.  REASONS FOR SEALING** (Local Rule 49(B)(1))

1.  The Federal Bureau of Investigation is investigating the defendant for long-running cybercrime conspiracies and other crimes related to that activity, as further described in the affidavit accompanying the criminal complaint in this matter. The U.S. District Court for the Eastern District of Virginia has issued an arrest warrant based on a criminal complaint filed against REDMAN charging conspiracy to commit wire fraud, wire fraud, identity theft, and

1

conspiracy to commit identity theft. The Defendant is a Canadian national and residing in Portugal. He is believed to be located overseas at this time.

       2.      Premature disclosure of the charges against the defendant would jeopardize an ongoing criminal investigation, threatening the ability of the United States to locate and arrest the defendant, jeopardize the defendant's ability to cooperate in the investigation (should he wish to do so), and may lead to the destruction or concealment of evidence. Moreover, disclosure of the Charging Documents would provide the defendant and others with a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved.

## II.    REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

       3.      The Court has the inherent power to seal indictments and other court documents. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

### III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The Charging Documents would need to remain sealed until the defendant makes an initial appearance in a U.S. District Court pursuant to Rule 5 of the Federal Rules of Criminal Procedure.

5. Upon occurrence of the event specified in Paragraph 4, pursuant to Local Rule 49(B)(3), the Charging Documents will be automatically unsealed and handled as such.

6. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the Charging Documents and this Motion to Seal and proposed Order be sealed until the Defendant makes an initial appearance in a U.S. District Court pursuant to Rule 5 of the Federal Rules of Criminal Procedure.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____/s/_____
Zoe Bedell
Assistant United States Attorney