IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



FILED
IN OPEN COURT

MAY - 8 2025

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CAMERON ALBERT REDMAN,<br><br>Defendant. | No. 1:25-cr-129<br><br>Counts 1-2: Conspiracy to Commit Wire Fraud (18 U.S.C. § 1349)<br><br>Count 3: Wire Fraud (18 U.S.C. § 1343)<br><br>Count 4: Conspiracy to Commit Aggravated Identity Theft (18 U.S.C. §§ 371, 1028A(a)(1)) |

### CRIMINAL INFORMATION

### Count One

THE UNITED STATES ATTORNEY CHARGES THAT:

1. On or about May 22, 2022, in an offense begun and committed outside the jurisdiction of any particular State or district of the United States, and continued in the Eastern District of Virginia and elsewhere, the defendant, CAMERON ALBERT REDMAN did knowingly and unlawfully conspire with Co-conspirator ("CC") 2, CC-3, and other persons known and unknown, to commit wire fraud, in violation of Title 18, United States Code, Section 1343, that is, having devised and intending to devise a scheme and artifice to defraud investors and to obtain money and property therefrom by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate commerce, writings, signs, signals and sounds.

2.      It was a part of the conspiracy that the defendant and his coconspirators compromised Victim 1's X Corp. account to execute a phishing scam resulting in the theft of non-fungible tokens and digital assets.

(In violation of Title 18, United States Code, Section 1349).

**Count Two**

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

3.      Beginning on or about June 26, 2022, and continuing to on or about July 19, 2022, in an offense begun and committed outside the jurisdiction of any particular State or district of the United States, and continued in the Eastern District of Virginia and elsewhere, the defendant, CAMERON ALBERT REDMAN did knowingly and unlawfully conspire with CC-1, CC-4, CC-5, CC-6, and other persons known and unknown, to commit wire fraud, in violation of Title 18, United States Code, Section 1343, that is, having devised and intending to devise a scheme and artifice to defraud investors and to obtain money and property therefrom by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud, knowingly transmitted and caused to be transmitted by means of wire communications in interstate commerce, writings, signs, signals and sounds.

4.      It was a part of the conspiracy that the defendant and his coconspirators compromised the X Corp. accounts of Victim 2, Victim 3, Victim 4, and Victim 5 to execute a phishing scam resulting in the theft of non-fungible tokens and digital assets.

(In violation of Title 18, United States Code, Section 1349).

## Count Three

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

5.  On or about July 14, 2022, in an offense begun and committed outside the jurisdiction of any particular State or district of the United States, the defendant CAMERON ALBERT REDMAN, having devised and intending to devise a scheme and artifice to defraud investors, and to obtain money and property therefrom by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing the scheme and artifice to defraud, knowingly transmitted and cause to be transmitted writings, signs, signals, and sounds by means of wire communication in interstate and foreign commerce, to wit:

6.  On or about July 14, 2022, the defendant, using an electronic device located outside the United States, transmitted a message via the internet to X Corp. within the United States as part of an effort to gain access to Victim 2's X Corp. account, for the purpose of executing the scheme and artifice to defraud.

(In violation of Title 18, United States Code, Sections 1343, 2).

## Count Four

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

7. Beginning on or about July 14, 2022, to on or about July 19, 2022, in an offense begun and committed outside the jurisdiction of any particular State or district of the United States, and continued in the Eastern District of Virginia and elsewhere, REDMAN did knowingly and unlawfully combine and conspire with others, including CC-1, CC-4, and CC-5, to use, without lawful authority, the means of identification of Victim 2 and Victim 3 in furtherance of a felony violation of enumerated in Title 18, United States Code, Section 1028A(c), to wit, Title 18, United States Code, Section 1343 and 1349, knowing that the means of identification belonged to another actual person.

8. In furtherance of the conspiracy and to effect the objects of the conspiracy, the defendant and his coconspirators made an unauthorized post on Victim 2's X Corp. account offering a free NFT for the first 1,000 people to click the link.

(In violation of Title 18, United States Code, Sections 371 and 1028A(a)(1)).

## FORFEITURE NOTICE

Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, the defendant, CAMERON ALBERT REDMAN, is hereby notified that if convicted of the offenses listed in Counts 1, 2, and 3 of the Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

Pursuant to 21 U.S.C. § 853(p), the defendant, CAMERON ALBERT REDMAN, shall forfeit substitute property, if, by any act or omission of the defendant, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c); and Federal Rule of Criminal Procedure 32.2(a))

Respectfully submitted,

Erik S. Siebert
United States Attorney

By: _____/s/_____
Zoe Bedell
Assistant United States Attorneys